DANIEL G. BOGDEN
United States Attorney
District of Nevada

MARK E. WOOLF
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Email: *Mark.Woolf@usdoj.gov*

Attorneys for the United States.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>JOHNNY RAY TAYLOR,<br><br>           Defendant. | Case No. 2:13-cr-00165-JAD-PAL<br><br>**MOTION FOR JUDGMENT DEBTOR EXAMINATION** |

      The United States of America moves for an order requiring Defendant Johnny Ray Taylor ("Defendant") to appear before a United States Magistrate Judge at a time and place set by the Court for a judgment-debtor examination. This motion is based upon the attached memorandum of points and authorities, the attached Declaration, and the pleadings and papers on file herein. A proposed order is attached.

      Dated this 25th day of January 2017.

                                                                                DANIEL G. BOGDEN
                                                                                United States Attorney

                                                                                */s/ Mark E. Woolf*
                                                                                MARK E. WOOLF
                                                                                Assistant United States Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

On October 16, 2013, a criminal judgment was entered against Defendant for Tax Evasion in violation of 26 U.S.C. § 7201. The judgment imposed restitution based on the plea agreement, wherein Defendant agreed to "pay restitution to the Internal Revenue Service . . . in the total amount of $117,559.82 under 18 U.S.C. 3663(a)(3)." ECF No. 6 at 4:19-20. The figure does not include interest or penalties that may accrue under 18 U.S.C. § 3612(f). *Id*. at 5:1-2.

An order of restitution may, among other things, be enforced in accordance with 18 U.S.C. § 3664(m), which permits enforcement "in the manner provided for in . . . subchapter B of chapter 229 of this title[.]" Subchapter B of chapter 229 corresponds to 18 U.S.C. §§ 3611-3615, of which 18 U.S.C. § 3613 provides: "The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. §3613(a).[1] Subject to very few exceptions, a judgment enforcing restitution "may be enforced against all property or rights to property" of the person owing restitution. *Id*. An order of restitution "is a lien in favor of the United States on all property and rights to property of the person . . . as if the liability of the person . . . were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. §§ 3613(c), (d).

Generally, enforcement under Federal law is pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 *et seq*., which provides "civil procedures for the United States to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1); *see also* 28 U.S.C. § 3002(3) ("Debt means – an amount that is owing to the United States on account of . . . restitution[.]"). In pursuing remedies under the FDCPA, the United States "may have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure on a claim for a debt." 28 U.S.C. § 3015(a).

The Federal Rules also permit discovery "[i]n aid of the judgment or execution" pursuant to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 69(a)(2); *see also 1st Technology, LLC v. Rational Enterprises Ltda*, 2007 WL 5596692 (D. Nev.) *citing*

---

[1] Section 3613(a) refers to a sentence imposing a fine, but all provisions of section 3613 "are available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f).

2

*Fuddruckers, Inc. v. KCOB I, LLC*, 31 F.Supp.2d 1274, 1278 (D. Kan. 1998). As succinctly stated in *British Intern. Ins. Co., Ltd. v. Sequros La Republica, S.A.*, 200 F.R.D. 586 (W.D. Tex. 2000), "[t]he scope of post-judgment discovery is broad, 'the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'" *Id.* at 588. Post-judgment discovery is critical in obtaining information relating to the "existence or transfer of the judgment debtor's assets," *id.* at 589, and represents a "distinct phase of the litigation." *Danning v. Lavine*, 572 F.2d 1386, 1390 (9th Cir. 1978). One of several available post-judgment discovery tools is a judgment-debtor examination, which permits "[a] judgment creditor, at any time after the judgment is entered, is entitled to an order from the judge of the court requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property[.]" NRS 21.270(1); *see also* Fed. R. Civ. P. 69(a)(1). The scope of a judgment-debtor examination necessarily tracks the broad scope and focus of post-judgment discovery.

      Here, the United States seeks an order requiring Defendant to appear for a judgment-debtor examination and answer questions, under oath, regarding the extent of his property, including, but not limited to, "any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts))[.]" 28 U.S.C. § 3002(12).

      Dated this 25th day of January 2017.

DANIEL G. BOGDEN
United States Attorney

*/s/ Mark E. Woolf*
MARK E. WOOLF
Assistant United States Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY RAY TAYLOR,<br><br>Defendant. | Case No. 2:13-cr-00165-JAD-PAL<br><br>**DECLARATION OF MARY BOOKER IN SUPPORT OF UNITED STATES' MOTION FOR JUDGMENT DEBTOR EXAMINATION** |

I, Mary Booker, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a Legal Assistant in the Financial Litigation Unit of the United States Attorney's Office for the District of Nevada. I have custody of the records held in this office pertaining to collection in this matter.

2. A Criminal Judgement was entered against Defendant Johnny Ray Taylor on October 17, 2013. The Criminal Judgment imposed criminal monetary penalties in the sum of $117,659.82, including $117,559.82 in restitution.

3. Defendant Johnny Ray Taylor resides within the jurisdiction of this Court.

4. The Criminal Judgment has not been satisfied, vacated, reversed, or barred by the statute of limitations, and is one upon which execution may properly issue.

5. The Judgment remains unpaid with a balance owing of $ $115,746.03, inclusive of interest.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: Jan 25 2017

Mary Booker
Legal Assistant
Financial Litigation Unit

1

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:13-cr-00165-JAD-PAL |
| Plaintiff, ) | |
| v. ) | **[PROPOSED] ORDER** |
| JOHNNY RAY TAYLOR, ) | |
| Defendant. ) | |

The Court has reviewed the United States' Motion for Judgment Debtor Examination, and good cause appearing,

**IT IS HEREBY ORDERED** that Defendant Johnny Ray Taylor shall appear before the undersigned United States Magistrate Judge in Courtroom 3D, Lloyd D. George Federal Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, on the 14th day of March, 2017 at 9:00 a.m., to then and there answer upon oath concerning Defendant's property and for such other proceedings as there may occur consistent with proceeding supplementary to execution.

**IT IS FURTHER ORDERED** that Defendant shall bring the following to the hearing:

1. Three most recent federal income tax returns with their attachments;
2. Copies of all personal and business financial statements concerning checking and saving accounts for the past twelve months;
3. A copy of the titles to all vehicles, automobiles, boats, aircraft, and/or real property held by Defendant or Defendant's spouse;
4. Copies of all documents relating to the sale, conveyance, or transfer of any property, real

1

1 | or personal, valued in excess of $5,000.00 for both Defendant and Defendant's spouse for the last 3 years;

5. A copy of all Trust Documents for all Trusts in which Defendant or Defendant's spouse is either a Trustee and/or a Beneficiary.

**IT IS FURTHER ORDERED** that a copy of this Order shall be served upon Defendant at least 14 calendar days before the hearing.

**IT IS FURTHER ORDERED** that failure to appear or otherwise comply with the requirements of this Order may subject Defendant to sanctions, including, but not included to, punishment for contempt of court.

Dated this 25th day of January, 2017.

_____
Peggy A. Leen
United States Magistrate Judge